IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ZILKR CLOUD TECHNOLOGIES, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:22-CV-00166-JRG-RSP |
| § | |
| CISCO SYSTEMS, INC., § | |
| § | |
| *Defendant*. § | |

## REPORT AND RECOMMENDATION

Before the Court, defendant Cisco Systems, Inc. moves to for partial dismissal asserting that three of the four patents in suit are directed to ineligible subject matter. Dkt. No. 40. For the following reasons, the motion should be **DENIED**.

Plaintiff Zilkr Cloud Technologies, LLC filed suit alleging that Cisco infringed four patents generally related to telecommunications network functionality. Cisco moves for partial dismissal claiming that U.S. Patent Nos. 9,210,254 ("the '254 patent"); 9,883,047 ("the '047 patent"); and 9,883,048 ("the '048 patent") (collectively, "patents at issue") claim ineligible subject matter. Pursuant to a jointly submitted letter, the parties dispute whether claim construction is necessary to resolve the motion, with Cisco asserting that construction is not necessary and Zilkr asserting otherwise. Dkt. No. 45.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court

must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

Under Title 35, patentable inventions are divided into broad, statutory categories of invention. See 35 U.S.C. § 101 (" . . . process, machine, manufacture, or composition of matter, or any new and useful improvement thereof . . . ."). So-called "abstract ideas," however, are ineligible for patent protection under the current law. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2352, 189 L. Ed. 2d 296 (2014). A § 101 analysis begins by identifying whether an invention fits within one of the four statutorily provided categories of patent-eligible subject matter: processes, machines, manufactures, and compositions of matter. *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 713-14 (Fed. Cir. 2014).

Section 101 contains an important implicit exception: laws of nature, natural phenomena, and abstract ideas. Id. at 714 (citing *Alice*, 134 S.Ct. at 2354). When presented with an eligibility challenge, the Court must first determine whether claims at issue are directed to eligible subject matter or one of these exceptions. *Id*. (citing *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289, 1296-97, 182 L. Ed. 2d 321 (2012)). In fields similar to that of the patents at issue, the Federal Circuit

> ha[s] found claims directed to … eligible matter in a number of cases where [it] made two inquiries of significance … : whether the focus of the claimed advance is on a solution to "a problem specifically arising in the realm of computer networks" or computers, and whether the claim is properly characterized as identifying a "specific" improvement in computer capabilities or network functionality, rather than only claiming a desirable result or function.

*TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1293 (Fed. Cir. 2020) (internal citations omitted).  If the Court determines that the claims at issue are directed to ineligible concepts, the Court must

determine whether there exists "an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Ultramercial*, at 714 (quoting *Mayo*, 132 S.Ct. at 1294) (alteration in original).

Although the Court recognizes that, under certain circumstances, a determination of patent eligibility may be made at the pleading stage or before claim construction on a motion to dismiss, see, *e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014); *Bancorp Servs., L.L.C. v. Sun Life Assurance Co.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012) ("[W]e perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101."), the issue of patentable subject matter requires a legal analysis that can—and often does—"contain underlying factual issues." *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340-41 (Fed. Cir. 2013); see also, *Bancorp*, 687 F.3d at 1273. Thus, a definitive ruling on eligibility before claim construction is only warranted in narrow circumstances, making such a ruling the exception rather than the rule.

Cisco argues that claim construction is not necessary to resolve eligibility because the '254 patent and the '047 patent are "directed to the abstract idea of using a common identifier to link multiple services" and that the '048 patent is "directed to the abstract idea of testing an application before publishing it and making it available for use." Dkt. No. 45 ECF p 2. Cisco reaches this conclusion by asserting that the claim language of each patent relates to simple telephony and computer terms. *Id* at ECF p 3.

Despite the assertion of simplified language, Cisco impliedly construes "associating" of claim 1 of the '245 patent to mean "mapping." Dkt. No. 40 ECF p 15 ("Claim 1 recites a telephony service from a first provider, and provisioning a second service by a second provider, and then 'associating' (mapping) the telephone number with the routing and interworking data of the second service sufficient to 'utilize the second service.'"). This is problematic for at least two

reasons. First, Cisco applies a construction when it claims one is not needed. Second, the term "mapping" is found in another limitation of claim 1 of the '254 patent, ostensibly collapsing the two limitations. For the '047 patent, Cisco again construes the term "associate" with "mapping." Dkt. No. 40 ECF p 19 ("Claim 1 of the '047 patent addresses the same abstract idea as the '254 patent—mapping"). Again, Cisco does so despite asserting that construction is not required. Further, Cisco collapses the claim language for both the '254 patent and '047 patent to "mapping" and for the '048 patent to "testing." Dkt. No. ECF pp 15, 19, 21. This type of overgeneralization of the claims results in abstraction untethered from the claim language. See *TecSec*, 978 F.3d at 1293.

At the motion to dismiss phase and in the absence of claim construction, the Court cannot side with Cisco's assertion without having first examined what a person of ordinary skill in the art would interpret those terms to mean. Accordingly, the Court RECOMMENDS that the motion to dismiss, Dkt. No. 40, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Supplemental Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 11th day of June, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE